SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dana Lee Pearson, | No. CV 12-2212-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Dana Lee Pearson, who is confined in the Arizona State Prison Complex, Eggers Unit, in Douglas, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc. 1, 5.) The Court will order Defendants Arpaio and the Maricopa County Board of Supervisors to answer Counts I-III of the Complaint.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $9.49. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

**TERMPSREF**

a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III. Complaint

Plaintiff alleges three counts concerning his conditions of confinement while he was incarcerated in Maricopa County Jails. Plaintiff sues Maricopa County Sheriff Joseph M.

1  Arpaio and the Maricopa County Board of Supervisors. Plaintiff seeks injunctive,
2  compensatory, and punitive relief.

3  In Count I, Plaintiff asserts that Arpaio sets policy and directs his staff to overcrowd
4  the intake system, which are so overcrowded as to cause physical combat between pretrial
5  detainees. He contends that there was no ventilation or screening of inmates for
6  communicable diseases. He further contends that the toilets were never cleaned while he was
7  held. He contends that the Board of Supervisors are aware of the conditions and complaints,
8  but have failed to act. Plaintiff contends that these conditions were present in the Madison
9  intake and court-holding cells, the Lower Buckeye Jail, Fourth Avenue Jail, and the Towers
10 Jail. He further alleges that portable beds or "boats" were used at the Lower Buckeye Jail.
11 In the Towers Jail, more than two inmates were assigned to each cell, cleaning products were
12 not provided, and feces, rodents, and insects were common. Recreation outside was only
13 provided once per week. At Madison, he alleges that 50-80 inmates were held in intake cells
14 measuring approximately 10 by 20 feet, he was not provided a blanket or matt, there was no
15 place to sit other than the floor, which was dirty and cold. Some of the inmates were
16 coughing and admitted to having HIV or Hepatitis C, or other diseases. Staff failed to
17 regularly observe intake areas for the health and safety of pretrial detainees.

18 In Count II, Plaintiff claims that Arpaio sets policy and that the Board of Supervisors
19 fails to act to prevent violations pursuant to the Arpaio's policies. Plaintiff alleges that
20 Arpaio directs his staff to feed pretrial detainees only two meals per day, which are small and
21 of bad quality and lack necessary nutrition. He further alleges that deputies refused to
22 provide substitution for rotten items. Plaintiff further contends that while Arpaio allows
23 detainees with money to possess commissary items in their cells, he will not allow detainees
24 without funds to save portions of the jail-provided meals for consumption later in the day.
25 He alleges that the intervals between meals caused him "extreme hunger" pangs.

26 In Count III, Plaintiff alleges that Arpaio sets policy and is subject to the Board of
27 Supervisors. He contends that both fail to provide the minimum standard conditions in
28 Maricopa County Jails: Madison intake and court holding cells are rusty, moldy, lack proper

TERMPSREF                                                - 3 -

1 ventilation, and cleaning products, including hand soap, were never provided. Further, toilets 2 were green and slimey with excrement. Most faucets lacked pressure or flow sufficient to 3 wash hands. He contends the same conditions were present at the Fourth Avenue Jail plus 4 insufficient toilet paper was provided causing a lack of toilet paper for hours, before staff 5 would provide more. He contends that the Towers Jail lacked clean air ventilation, the 6 showers had dry rot holes with mold and would back up so as to cause Plaintiff and others 7 to stand in "sewer water" to bathe, and that there were rodents and insects throughout, 8 including sleeping areas.

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a claim in Counts I -III against Sheriff Arpaio and the Maricopa County Board of Supervisors. The Court will require Defendants Arpaio and the Board to respond to those counts.

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply

1  may result in the filing being stricken without further notice to Plaintiff.

2  **D.    Possible Dismissal**

3  If Plaintiff fails to timely comply with every provision of this Order, including these
4  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
5  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
6  comply with any order of the Court).

7  **IT IS ORDERED:**

8  (1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 5.)

9  (2)    As required by the accompanying Order to the appropriate government agency,
10 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $9.49.

11 (3)    Defendants Arpaio and the Maricopa County Board of Supervisors must
12 answer Counts I-III.

13 (4)    The Clerk of Court must send Plaintiff a service packet including the
14 Complaint (Doc. 1), this Order, and both summons and request for waiver forms for
15 Defendants Arpaio and the Maricopa County Board of Supervisors.

16 (5)    Plaintiff must complete and return the service packet to the Clerk of Court
17 within 21 days of the date of filing of this Order.  The United States Marshal will not provide
18 service of process if Plaintiff fails to comply with this Order.

19 (6)    If Plaintiff does not either obtain a waiver of service of the summons or
20 complete service of the Summons and Complaint on a Defendant within 120 days of the
21 filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the
22 action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv
23 16.2(b)(2)(B)(i).

24 (7)    The United States Marshal must retain the Summons, a copy of the Complaint,
25 and a copy of this Order for future use.

26 (8)    The United States Marshal must notify Defendants of the commencement of
27 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
28 Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule

4.1(c) of the Arizona Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

1   (12) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
2  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
3  authorized under 28 U.S.C. § 636(b)(1).

DATED this 26th day of April, 2013.

*David G. Campbell*
David G. Campbell
United States District Judge