**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dana Lee Pearson, | No. CV 12-2212-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Dana Pearson brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio and the Maricopa County Board of Supervisors (Doc. 1). Defendants move to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies (Doc. 14). The Court will grant the motion and dismiss this action without prejudice.[1]

## I.     Background

Plaintiff's claims stem from his incarceration in Maricopa County Jails. Plaintiff presents three claims and seeks injunctive, compensatory, and punitive relief. In his first claim, Plaintiff asserts that the intake system is overcrowded, which results in physical combat between pretrial detainees and uninhabitable conditions of confinement. In his second claim, Plaintiff contends that inmates receive spoiled and insufficient nutrition. In

---

[1] The Court issued the Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003), which informed Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendants' contentions (Doc. 18).

his last claim, Plaintiff alleges that Defendants fail to provide the minimum standards of constitutional shelter in the Maricopa County Jails because the cells are rusty, moldy, lack proper ventilation, filthy, and contain rodents and insects. The Court ordered Defendants to answer the Complaint (Doc. 7) and they move to dismiss all three of Plaintiff's claims (Doc. 14).

## II.     Exhaustion Governing Standard

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III.    Analysis

As articulated above, Defendants have the burden of proving lack of exhaustion and therefore must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37. It is undisputed that a grievance procedure existed at the jail (Doc 15, Ex. 1; Doc. 19 at 2) and that Plaintiff did not file any grievances during his incarceration (Doc. 15, Hernandez Decl. ¶ 8).

1    Plaintiff's primary argument opposing Defendants' motion is that the grievance
2 procedure does not provide the type of relief Plaintiff is seeking and, as a result, forcing him
3 to exhaust "futile formalities" serves no purpose.  But futility is not an exception to the
4 exhaustion requirement; Porter squarely held that exhaustion is required for all suits about
5 prison life regardless of the ultimate remedy sought or the type of relief offered through the
6 administrative process.  534 U.S. at 523.  This holding ensures that inmates provide prison
7 officials time and opportunity to address complaints internally, which filters out frivolous
8 claims and develops an administrative record.  McKinney v. Carey, 311 F.3d 1198, 1200-01
9 (9th Cir. 2002).  As a result, Plaintiff's belief that utilizing the grievance procedure would
10 have been futile does not excuse his failure to exhaust.

11   It is true that if Plaintiff was unable to file grievance forms or if he was reliably
12 informed that administrative remedies were not available, exhaustion is not required.
13 Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009); Brown v. Valoff, 422 F.3d 926,
14 936 (9th Cir. 2005).  But despite Plaintiff's reference to jail policies being "non-grievable,"
15 he does not recount a single specific instance where he was denied a grievance form or was
16 prevented from utilizing the grievance procedure for any of his claims.  Plaintiff's argument
17 is also contradicted by Defendants' evidence that grievances concerning conditions of
18 confinement are expressly permitted (Doc. 15, Hernandez Decl. ¶ 5).

19   Finally, Defendants disprove Plaintiff's claim that he never received a copy of the
20 jail's grievance procedure by providing a copy of Plaintiff's signature demonstrating receipt
21 of the MCSO Rules and Regulations for Inmates, which includes the jail's grievance
22 procedure (Doc. 21, Ex. 1).

23   In short, none of Plaintiff's arguments presents a valid excuse for failure to exhaust,
24 and his concession to nonexhaustion (Doc. 1 at 3, 4, 5) is dispositive of the issue.  Holcomb
25 v. Fleeman, 2007 WL 3231588, at *2 (E.D. Cal. 2007) (inmate's concession that he did not
26 obtain a Director's level decision until after the lawsuit was filed "is fatal to his action")
27 (citing Woodford, 126 S. Ct. at 2383; McKinney, 311 F.3d at 1199-1201).  Plaintiff simply
28 failed to utilize the jail's grievance procedure as to the claims presented in his Complaint.

Defendants' motion to dismiss will be granted.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 14).

(2) Defendants' Motion to Dismiss (Doc. 14) is **granted.**

(3) This action is dismissed without prejudice for failure to exhaust. The Clerk of Court is directed to enter judgment accordingly.

(4) For the reasons set forth herein, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from the judgment in this action would not be taken in good faith.

DATED this 3rd day of October, 2013.

David G. Campbell
United States District Judge

- 4 -